Prob 12
(Rev. 3-88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Brian Lamont Greene                                    Docket No. 98-00013-001 Erie

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of BRAIN LAMONT GREENE, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 18th day of May 1999, who fixed the period of supervision at five years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.
- The defendant shall refrain from any unlawful use of a controlled substance.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. The defendant shall submit to one drug test within 15 days after being placed on supervision and at least four tests per year thereafter.
- The defendant shall pay a special assessment of $100.

05-18-99:   Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Base and Cocaine Powder; 60 months' custody of the Bureau of Prisons, to be followed by 5 years' supervised release.

01-30-04:   Released to supervision in Southern District of Ohio, in Columbus, Ohio; Term of supervised release transferred to the Northern District of Ohio in January 2005, and currently supervised by U.S. Probation Officer Kellin Strong, Northern District of Ohio, in Youngstown, Ohio.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that the supervised releasee has violated the following conditions of supervised release:

**The defendant shall refrain from any unlawful use of a controlled substance.**

Urine samples obtained from the releasee on September 30, 2005, October 26 and 27, 2005, and November 1, 2005, tested positive for marijuana as confirmed by Kroll Laboratory.

U.S.A. vs. Brian Lamont Greene
Docket No. 98-00013-001 Erie
Page 2

**The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. The defendant shall submit to one drug test within 15 days after being placed on supervision and at least four tests per year thereafter.**

Subsequent to the September 30, 2005, urine test, the releasee was referred to PsyCare, Incorporated, for drug and alcohol counseling. The releasee was discharged from the program on November 18, 2005, after he failed to show for a random drug test on the following dates: November 4, 8, 9, 10, 11, 15, 17, and 18, 2005. Mr. Greene also failed to attend a drug and alcohol counseling session on November 17, 2005.

**The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.**

The releasee relocated to the Northern District of Ohio in January 2005 to care for his mother. The probation office reports that the releasee appeared to not be interested in securing employment and was given the month of November to do so. The probation office states that the releasee's solution to the issue of employment was to request permission to move to Akron, Ohio, in order to be employed via a relative and to receive a new probation officer. The releasee had been instructed by the probation officer that employment at an establishment owned or operated by family members would not be acceptable as a result of prior periods of employment with relatives which turned out to be false.

PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom A, U.S. Courthouse, Erie, Pennsylvania, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.    MONDAY, JANUARY 23, 2006 at 3:30 P.M.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  Dec 29, 2005

David J. Conde
U.S. Probation Officer

Gerald R. Buban
Supervising U.S. Probation Officer

Place: Erie, PA

ORDER OF COURT

Considered and ordered this 9th day of June, 2006 and ordered filed and made part of the records in the above case.

Maurice B. Cohill Jr.
U.S. District Judge