```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| )  | |
| v.                        ) | Criminal No. 98-13E |
| ) | |
| BRIAN LAMONT GREENE       ) | |

**MOTION TO OBTAIN SEALED TRANSCRIPT**

AND NOW comes the defendant, Brian Lamont Greene, by and through his attorney, Karen Sirianni Gerlach, Esquire, Assistant Federal Public Defender, and files the within Motion to Obtain Sealed Transcript and in support thereof avers as follows:

1. Undersigned counsel filed a notice of appeal in the above-captioned case on March 27, 2006, and ordered transcripts shortly thereafter. As the court reporter began to transcribe his notes of the sentencing hearing held May 18, 1999, he discovered that the entire sentencing hearing was put under seal.

2. Undersigned counsel believes that the sealed transcript may be relevant to her work on the appeal in this case. Counsel therefore needs to obtain and to review that transcript in order to evaluate potential appellate issues, and to adequately represent Mr. Greene on appeal.

3. Because the transcript notes of the sentencing hearing are sealed, the court reporter is unable to transcribe them for appellate counsel absent an order of court.

4. If counsel’s review of the transcript uncovers any relevance to an appellate issue, it will need to be included in the Appendix which will be filed in the United States Court of Appeals for the Third Circuit so that the Court of Appeals can review it. Counsel understands that inclusion of this transcript in the appendix would have to comply with Third Circuit Local Appellate Rule 30.3(b) which provides that “[r]ecords sealed in the district court and not unsealed by order of the court shall not be included in the appendix." This rule goes on to provide that sealed documents “may be submitted in a separate, sealed volume of appendix."

5. Assistant Federal Public Defender Thomas Patton, trial counsel for Mr. Greene, and Assistant United States Attorney Christine Sanner, counsel for the government have agreed that undersigned counsel should be permitted to obtain a copy of the sealed transcript.

6.   It is therefore requested that this Court enter an order permitting undersigned counsel to obtain a copy of the sealed sentencing hearing transcript of May 18, 1999.

WHEREFORE, for the foregoing reasons, the defendant, Brian Lamont Greene, respectfully requests that the within Motion to Obtain Sealed Transcript be granted, and that this Court enter an order allowing the court reporter to provide undersigned counsel with a copy of the sealed sentencing hearing transcript of May 18, 1999.

                    Respectfully submitted,

                    */s/ Karen Sirianni Gerlach*
                    Karen Sirianni Gerlach
                    Assistant Federal Public Defender
                    PA I.D. No. 52956